**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DORINA BRAESCU,<br><br>                    Plaintiff,<br><br>vs.<br><br>HUNTINGTON NATIONAL BANK<br><br>                    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Dorina Braescu ("Plaintiff" or "Ms. Braescu") brings this action on an individual basis, against Huntington National Bank ("Huntington") for its violations of the Electronic Funds Transfer Act ("EFTA") 15 U.S.C. § 1693, *et. seq.*, and states as follows:

## INTRODUCTION

1.      The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American consumers. Data technology, whether it is used by businesses, banks, the Internal Revenue Service, or other institutions, allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients and, in theory, all of society should ultimately benefit from the resulting convenience and efficiency.

2.      However, unfortunately this information has also become readily available for, and subject to, mishandling and misuse. Individual consumers can and do sustain substantial damage, both economically and emotionally, whenever inaccurate or fraudulent information is disseminated and/or obtained about them.

3.     Further, in the advent of the digital economy and banking system, electronic funds transfers have become commonplace.

4.     Electronic funds transfers allow for the transfer of funds via an electronic terminal, telephonic instruction, or computer or magnetic tape.

5.     At all relevant times, an unknown third party, initiated and received the benefit of funds from Plaintiff's bank account with Huntington National Bank, which were electronically transferred from Plaintiff's bank account with Huntington National Bank without Plaintiff's authorization, consent, or awareness.

6.     Accordingly, Plaintiff brings a claim against Defendant for failing to fully and properly reinvestigate Plaintiff's dispute and review all relevant information provided by Plaintiff, in violation of the Electronic Funds Transfer Act.

7.     As part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees from Defendant for its willful and/or negligent violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*., as described herein.

## **PARTIES**

8.     Dorina Braescu ("Plaintiff" or "Ms. Braescu") is a natural person residing in Cook County, Illinois, and is a "consumer" as that term is defined in 15 U.S.C. § 1693a(6).

9.     Plaintiff is a "person" as defined by Regulation E in 12 CFR 1005.2(j).

10.    At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's Huntington Account").

11.    At all relevant times, Plaintiff's Huntington Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

12.    At all relevant times, Plaintiff's Huntington Account was an "account" and constituted an "account" as defined by 15 U.S.C. § 1693a(2) and 12 CFR 1005.2(b)(1).

13. Defendant Huntington National Bank ("Huntington") is a national bank with its headquarters in Columbus, Ohio and is authorized to conduct business in the State of Illinois, including within this District.

14. At all relevant times, Defendant was a bank that held Plaintiff's Huntington Account.

15. At all relevant times, Defendant is a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

16. At all relevant times, Defendant is a "person" as defined by Regulation E in 12 CFR 1005.2(j).

## JURISDICTION AND VENUE

17. This action arises out of Defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et. seq*.

18. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m, which allows claims under the Electronic Funds Transfer Act to be brought in any appropriate court of competent jurisdiction.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## FACTS
**Summary of the Electronic Fund Transfer Act ("EFTA")**

20. In 1978, Congress passed the Electronic Fund Transfer Act (EFTA) (15 U.S.C. § 1693 *et. seq.*) to protect individual consumers from fraudulent, or unauthorized electronic fund transfers from their bank accounts.

21. The stated purpose of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et. seq.*, ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities

of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objective…is the provision of individual consumer rights." *Id*. Moreover, the language of the EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

22.    The EFTA is implemented through Regulation E, 12 CFR 1005.

23.    Regulation E defines an "Account" for purposes of the act to include a "[c]hecking…account held by a financial institution…established primarily for personal, family, or household purposes." 12 CFR 1005.2(b)(1).

24.    An "electronic fund transfer" ("EFT") includes "any transfer of funds initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." 12 CFR 1005.2(b)(3).

25.    An "Unauthorized electronic fund transfer" is an EFT from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 12 CFR 1005.2.

26.    A consumer who provides notice to their financial institution of an unauthorized transfer of funds from their account within "60 days after the transmittal of the periodic statement on which the unauthorized transfer first appears" has no liability for the transfer. 12 CFR 1005.6.1.

27.    A financial institution that fails to apply this limit of liability properly violates the EFTA.

28.    Additionally, a financial institution that fails to promptly investigate in good faith, fails to conduct a "reasonable" investigation, or fails to notify the consumer of the results of an investigation within 3 business days violates the EFTA.

29.     In this investigation, the financial institution bears the burden of proving that the alleged Unauthorized EFT was, in fact, authorized.

30.     The failure by a financial institution (or any person) to comply with any provision of the EFTA makes the institution liable for:

(a)     Any actual damage sustained by the consumer of the failure;

(b)     In an individual action, damages of up to $1,000; and,

(c)     Costs and attorney's fees.

15 U.S.C. § 1693m.

31.     Additionally, 15 U.S.C. § 1693f(e) provides that the consumer's damages shall be trebled "in any action under 1693m…if the Court finds that":

(a)     The financial institution did not provisionally recredit a consumer's account within ten days, *and* the financial institution (1) did not make a good faith investigation of the alleged error[1], or (2) did not have a reasonable basis for believing that the consumer's account was not in error; or

(b)     The financial institution knowingly and willfully concluded that the consumer's account was not in error when such a conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

32.     The financial institution must also provide notice of the results of its investigation within 3 business days of completing it.  12 CFR 1005.11.

---

[1] "Errors" includes an unauthorized transfer. 12 CFR 1005.11.

33.     A financial institution that fails to apply the limitations on liability property to an unauthorized transfer reported within sixty days is liable for recrediting the amount of the transfer as well as actual damages, additional damages of up to $1,000.00, costs and attorney's fees.

34.     Additionally, when a financial institution does not make a good faith investigation of the error, concludes that an unauthorized transfer was "authorized" without reasonable basis, knowingly and willfully concludes there is "no error," is liable for treble damages.

35.     Claims under the EFTA and regulation E are additional to other remedies that may be available to a consumer.

**Money Has Been Stolen from Plaintiff's Huntington Account**

36.     Plaintiff's home country is Moldova but since 2018, she has been going through the process to become a United States citizen.

37.     On or about December 9, 2022, Plaintiff became a US citizen and picked up her new passport.

38.     Plaintiff and her eighteen-month old baby stayed in Chicago, Illinois with her sister and sister's family during that trip.

39.     On December 12, 2022, Plaintiff flew back to Moldova (she arrived there on December 13, 2022).

40.     On or about December 13, 2022, Plaintiff noticed an electronic funds transfer on a date, in an amount, and to a recipient that she did not recognize and/or authorize.

41.     Specifically, her banking mobile application showed an electronic funds transfer of $43.56 paid to Jet's Pizza IL-031 on December 12, 2022.

42.     Plaintiff discovered this unauthorized transaction on or about December 13, 2022.

43.     Plaintiff did not authorize or initiate the transfer of $43.56 to Jet's Pizza IL-031 on December 12, 2022.

44.     On or about that date, Plaintiff did not initiate any transaction with Jet's Pizza IL-031.

45.     Plaintiff has never been to Jet's Pizza and had never heard of it prior to seeing it listed on her banking application.

46.     Plaintiff did not provide consent to Jet's Pizza IL-031 to electronically transfer funds from Plaintiff's Huntington Account.

47.     Plaintiff did not provide consent to Defendant to electronically transfer funds from Plaintiff's Huntington Account to Jet's Pizza IL-031.

48.     Plaintiff did not provide consent to any unknown third party to electronically transfer funds from Plaintiff's Huntington Account to Jet's Pizza IL-031.

49.     Plaintiff disputes the electronic funds transfer of $43.56 to Jet's Pizza IL-031 on December 12, 2022.

**Plaintiff Obtains Her Bank Statement and Confirms the Unauthorized Electronic Fund Transfer**

50.     In or about early January 2023, Plaintiff receives a copy of her bank statement from Defendant.

51.     The Bank Statement was for the period of November 29, 2022 – December 28, 2022 ("December Bank Statement").

52.     The December Bank Statement establishes that on December 12, 2022 there was an electronic fund transfer from Plaintiff's Huntington Account to Jet's Pizza IL-031  in the amount of $43.56.

53.     On or about December 12, 2022, Plaintiff did not authorize any electronic fund transfer to Jet's Pizza IL-031.

**Plaintiff Disputes the Unauthorized Fund Transfer with Defendant**

54.     A couple weeks after Plaintiff was back in Moldova she called Defendant and notified it of the unauthorized charge.

55.     Plaintiff was deeply concerned that her banking information had been stolen and additional charges would continue.

56.     Defendant told Plaintiff that she should "lock" her Huntington mobile application so  that she has to approve any charges before funds are taken out, which she did.

57.     On or about January 13, 2023, Plaintiff disputed the unauthorized electronic fund transfer by submitting a written dispute letter to Defendant (dated January 6, 2023).  Plaintiff mailed that dispute letter via certified mail.

58.     Specifically, Plaintiff provided Defendant with notice that she believed an error or otherwise unauthorized electronic funds transfer occurred pertaining to the transaction dated December 12, 2022 in the amount of $43.56 and electronically transferred to Jet's Pizza IL-031 from Plaintiff's Huntington Account.

59.     Plaintiff provided Defendant with written notice of the circumstances as to why the electronic funds transfer by an unknown third party to Jet's Pizza IL-031  on December 12, 2022 was either erroneous or otherwise unauthorized as follows:

(a)     Plaintiff never authorized the electronic funds transfer from Plaintiff's Huntington Account; and,

(b)     Plaintiff never provided the unknown third party with permission, consent, or authority to electronically transfer funds from Plaintiff's Huntington Account; and,

(c)     Plaintiff was on a plane flying overseas on December 12, 2022; and,

(d)     Plaintiff did not initiate a transaction with Jet's Pizza IL-031 on or about December 12, 2022; and,

(e)     Plaintiff provided her Huntington banking information and attached a copy of the December 2022 statement showing the unauthorized charge; and,

(f)     Plaintiff also enclosed a copy of her current and previous driver's licenses showing her Chicago addresses and her social security number to verify her identity.

60.     USPS tracking confirms that on or about January 30, 2023, Plaintiff's dispute letter was delivered to Defendant.

61.     To date, Defendant has failed to temporarily credit Plaintiff for the unauthorized electronic transfer of funds of $43.56 while it conducted an investigation.

62.     To date, Defendant has not conducted a sufficient investigation relative to the unauthorized electronic funds transfer complained of by Plaintiff.

63.     To date, Defendant has not sufficiently reported to Plaintiff the result of any putative investigation it conducted relative to the unauthorized electronic funds transfer complained of by Plaintiff.

64.     To date, Defendant has not issued Plaintiff a credit for the funds electronically transferred to Jet's Pizza on December 12, 2022 in the amount of $43.56 from Plaintiff's Huntington Account.

65.     Defendant has never provided Plaintiff with written notice of the results of the investigation.

66.     Defendant never provided Plaintiff with notice that she is entitled to request the documents or information utilized in coming to the conclusion that Plaintiff authorized the disputed electronic funds transfer.

67.     Defendant failed to conduct any reasonable investigation.

68.     Defendant did not make a good faith investigation of the unauthorized electronic fund transfer.

69.     Defendant did not have a reasonable basis for believing that the electronic fund transfers from Plaintiff's account were not fraudulent.

70.     Defendant was unreasonable in concluding that Plaintiff made the disputed electronic funds transfer with the information then available to it.

71.     Defendant knowingly and willfully concluded that the electronic transfers from Plaintiff's account were authorized by Plaintiff when such a conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

72.     Presently, Plaintiff remains without the $43.56 electronically transferred to Jet's Pizza IL-031 from Plaintiff's Huntington Account.

73.     Defendant has imposed liability on Plaintiff for the entirety of the disputed transaction of $43.56.

74.     Plaintiff is neither legally responsible nor obligated to pay the $43.56 electronically transferred from Plaintiff's Huntington Account.

75. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

76. At all times pertinent hereto, the conduct of Defendant, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

77. The Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the EFTA to lower its costs. Accordingly, the Defendant's violations of the EFTA are willful.

78. As a direct and proximate result of the foregoing, Plaintiff suffered out of pocket damages of at least $43.56 from her depository account, a sum of money that, for Plaintiff, her husband, and her new baby, is material.

79. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss of ability to purchase and benefit from her depository funds; out of pocket losses; the expenditure of time and money disputing via certified mail and trying to alert the Defendant to an unauthorized electronic fund transfer; the expenditure of labor and effort disputing and trying to have her funds returned; and emotional distress including the mental and emotional pain, anguish, fear, and worry of continued unauthorized electronic fund transfers.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. §§ 1693, *et. seq.* (EFTA)
**Violation of the Electronic Fund Transfer Act and Regulation E for Failure to Comply with Error Resolution Procedures**

80. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

81.     Defendant is a financial institution subject to the requirements of the EFTA.

82.     Plaintiff's Huntington Account at issue was established primarily for personal, family, or household purposes. 12 CFR 1005.2(b)(1).

83.     Plaintiff notified Defendant in January 2023 of the error in Plaintiff's Huntington Account in the form of an unauthorized electronic fund transfer from the aforementioned account.

84.     The aforementioned electronic fund transfer was an unauthorized electronic fund transfer as defined by 15 U.S.C. § 1693a(12); and 12 C.F.R. 1005.2(m).

85.     Defendant was required to initiate a good faith investigation upon notice.

86.     Additionally, because the alleged error was an unauthorized EFT, Defendant bore (and bears) the affirmative burden of proof to establish that the EFT was authorized under 15 U.S.C. § 1693g(b).  See also, 83 Federal Register 6364, 6382 (Feb. 12, 2018).[2]

87.     Besides bearing the burden of proof for the investigation, Defendant was required to:

   (g)     Investigate in good faith and resolve the error within ten business days;

   (h)     Conduct a reasonable investigation;

   (i)     Support any finding by a reasonable basis for believing the consumer's account was not in error;

   (j)     Report to the consumer the results of the investigation within three business days of completing it.  12 CFR 1005.11.

---

[2] Absent the burden of proof, the obligation to act in good faith, and to back any determination by a reasonable basis in fact, any financial institution could simply conduct a cursory or conclusory "investigation," deny the claim, and avoid any loss to itself.

(k)     Provide documentary evidence supporting its position on reinvestigation, if challenged or requested by Plaintiff within ten days of Defendant's notification of its results.

88.     Defendant violated the EFTA by failing, after Plaintiff requested a reinvestigation or supporting information, to timely or properly provide the same.

89.     Defendant's actions were knowing and willful and in bad faith.

90.     Defendant's conduct was in violation of 15 U.S.C. § 1693f(a).

91.     Defendant's conduct was in violation of 15 U.S.C. § 1693f(d).

92.     As a direct and proximate result of the foregoing, besides any damages above and the cost of this action (all of which are available for any EFTA violation), Defendant is liable for treble damages pursuant to 15 U.S.C. § 1693f(e)(1) and (2).

93.     As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss of ability to purchase and benefit from her depository funds; the expenditure of time and money disputing and trying to alert the Defendant to an unauthorized electronic fund transfer; the expenditure of labor and effort disputing and trying to have her funds returned; and emotional distress including the mental and emotional pain, anguish, fear, and worry of continued unauthorized electronic fund transfers.

94.     As a result of each and every violation of the EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i.      Determining that Defendant negligently and/or willfully violated the EFTA;

ii.     Awarding Plaintiff actual, statutory, and punitive damages as provided by the EFTA;

iii.    Awarding Plaintiff reasonable attorneys' fees and costs as provided by the EFTA; and,

iv.    Granting further relief, in law or equity, as this Court may deem appropriate and just.

### **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: April 14, 2023

*s/Dawn M. McCraw*
Dawn M. McCraw
Bar Number: AZ #035321
CONSUMER ATTORNEYS
8245 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-1527
F: (718) 715-1750
E: dmccraw@consumerattorneys.com
*Attorneys for Plaintiff*
*Dorina Braescu*